IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHASE NEILL,

      **Plaintiff,**

      v.                                CASE NO. 23-3131-JWL

STEPHEN HUNTING, et al.,

      **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff proceeds pro se in this civil rights case brought under 28 U.S.C. § 1331.  The Court granted Plaintiff leave to proceed in forma pauperis.  Plaintiff is in custody at USP-Leavenworth in Leavenworth, Kansas.

**1.  Nature of the Matter before the Court**

Plaintiff alleges that between 2018 and May 13, 2022, the "State of Kansas facilitated and took part in illicit and unlawful misconduct targeting religious persons, and they employed the use of overt technologies and occult practices to engage in an anti-religious spiritual and physical war against religion."  (Doc. 1, at 6.)  Plaintiff claims that various legislators and the Governor of Kansas were involved in fighting a war for the soul of the nation, which Plaintiff claims is a war against religion.

Plaintiff claims he is the male heir/son of Ephraim and "first born and messenger of God." *Id*. at 10.  As such, Plaintiff believes he has a duty and responsibility to "speak God's warning when God instructs."  *Id*.  Plaintiff alleges that because he is the messenger of God's warnings, he was tasked with delivering the warning to the legislators and Governor.  *Id*.  Plaintiff alleges that he did deliver the warning that God wanted to be delivered to United States Representative Jake LaTurner.  *Id*. at 11.

Plaintiff alleges that he was indicted because of the voicemails he left on Representative LaTurner's voicemail warning LaTurner of his impending death.  *Id.* at 12.  Plaintiff alleges that the prosecution of his criminal case violated the Religious Freedom Restoration Act ("RFRA") and burdened the free exercise of his religion.  *Id.*  Plaintiff alleges that God expected him to deliver the warnings to the other legislators and the Governor, and because he did not deliver those warnings, he has suffered physical injuries.[1] *Id.* at 13.  Plaintiff alleges that the defendants "second-guessed" his religious beliefs.  *Id.*

Plaintiff alleges that the events giving rise to his claims occurred at the U.S. District Court, and he asserts the basis for jurisdiction in this case as 42 U.S.C. § 2000bb-1(c) and § 2000a-3(a).  Plaintiff names as defendants:  Stephen Hunting, Assistant U.S. Attorney; Holly Teeter, U.S. District Judge; Skipper Jacobs, Assistant U.S. Attorney; Jared Maag, Assistant U.S. Attorney; and the United States of America.  Plaintiff seeks injunctive relief to prevent his sentencing in his criminal case and to "accommodate his religious speech."  *Id.* at 15–16.  Plaintiff claims that injunctive relief is warranted because irreparable injury will occur absent an injunction.  *Id.* at 7.  He calculates the costs of each lost soul and determines that the injury sustained would be $156,906,750,000,000,000,000 (or $156-centillion), and because this amount could not be repaid "or even measured," irreparable damage will occur.  *Id.*  Plaintiff seeks an accommodation to allow him to perform his religious speech and a "reversal of the judgment" or dismissal of his criminal case with prejudice.  *Id.* at 8.

Plaintiff's claims involve his federal criminal case.  *See United States v. Neill*, Case No. 22-cr-40037-HLT (D. Kan.).  Plaintiff was found guilty of Threatening a Federal Official, a Class C Felony.  *Id.* at Doc. 169 (Judgment in a Criminal Case).  On May 23, 2023, Plaintiff was sentenced

---

[1] Plaintiff alleges that, as punishment for not delivering the warnings, he has suffered from scar tissue around his testicles and his heart, the straightening of his cervical lordosis, and paralysis of his left arm.  (Doc. 1, at 7–8.)

to a 46-month term of imprisonment. *Id*. On May 26, 2023, Plaintiff filed a Notice of Appeal. *Id*. at 177. On May 30, 2023, his appeal was docketed in the Tenth Circuit Court of Appeals and remains pending. *See United States v. Neill*, Case No. 23-3096 (10th Cir.).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Immunity

Plaintiff's claims relate to his federal criminal case and he names a federal judge, federal prosecutors, and the United States as defendants.

### A.  Sovereign Immunity

Any official capacity claims against federal officials or a claim against the United States is barred by sovereign immunity.  *See Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (unpublished) (finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citing *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir.2005)).

"Ordinarily, federal courts lack jurisdiction to entertain such claims in accordance with principles of sovereign immunity." *Id*. (citing *Governor of Kan. v. Kempthorne,* 516 F.3d 833, 841 (10th Cir.2008) ("[C]laims of sovereign immunity implicate our jurisdiction . . . ."); *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir.2005) ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity.")); *see also  Hale v. FBOP*, 759 F. App'x 741, at n.4 (10th Cir. 2019) ("RFRA does not waive the federal government's sovereign immunity from damages.") (citing *Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015); *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006);  *The Cherokee Nation West v. U.S. Army Corps of Engineers*, 2016 WL 4548441, at *4 (N.D. Okla. Aug. 31, 2016) ("[N]either RFRA nor RLUIPA include waivers of the federal government's sovereign immunity for actions requesting money damages.") (citing *see United States v. Dillard*, 884 F. Supp. 2d 1177, 1182 (D. Kan. 2012), *aff'd,* 795 F.3d 1191 (10th Cir. 2015) (no waiver of federal

government's sovereign immunity for monetary damages claims under RFRA or RLUIPA)).

"Congress alone has the power to waive sovereign immunity and such waivers must be unequivocally expressed and strictly construed in favor of the United States." *Federal Trade Comm'n v. Apply Knowledge, LLC*, 2015 WL 12780893, at *1 (D. Utah 2015) (noting the waiver of the United States' sovereign immunity under the FTCA). "A party suing the United States, its agencies or officers, must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit. Any waiver of sovereign immunity must be '**unequivocally expressed in statutory text**,' and courts must strictly construe any such waiver in favor of the United States." *Good v. United States Dep't of Ed.*, 2022 WL 2191758, at *6 (D. Kan. 2022) (citations omitted) (emphasis added).

### B. Judicial Immunity

Plaintiff names as a defendant the federal judge that presided over and sentenced him in his federal criminal case. The federal judge is entitled to judicial immunity. The Tenth Circuit in *Peterson v. Timme*, held that the claims asserted against a federal judge were precluded by the doctrines of sovereign and judicial immunity. *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) (unpublished). The Tenth Circuit held that "[s]overeign immunity divests the court of jurisdiction to entertain any official-capacity claims[,] . . . [j]udicial immunity shields the judge from any individual-capacity claims for money damages, and injunctive relief is unavailable because [plaintiff] complains of acts that were subject to appellate review." *Id*.; *see also Falice v. United States*, Case No. CIV-16-1204-HE, 2016 WL 7187505, at n.7 (W.D. Okla. Oct. 25, 2016) (noting that *Peterson* addressed judicial immunity for *Bivens* claim seeking monetary damages and recognizing "colorable argument" that immunity extends to claim for injunctive relief); *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001), *aff'd sub nom. Mehdipour*

*v. Okla. Court of Civil Appeals*, 62 F. App'x 203 (10th Cir. 2003) (unpublished)), *cert. denied* 540 U.S. 1056 (2003) ("Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under *Bivens*.") (citations omitted); *Grigsby v. Marten*, Case No. 15-3282-SAC-DJW, 2016 WL 2941387, at *2 (D. Kan. May 20, 2016) (stating that the court is of the opinion that the doctrine of absolute judicial immunity protects federal judges from injunctive relief as well as claims for money damages and challenges to federal conviction is not properly litigated in a civil rights complaint against participants in an inmate's criminal trial); *Woods v. Osburn*, Case No. 12-3094-SAC, 2018 WL 10152550, at *2 (D. Kan. Dec. 11, 2018) (to the extent claim against federal judge may be construed as a civil rights claim arising under *Bivens*, the claim is barred by absolute judicial immunity and *Heck v. Humphrey*).

## C.  Prosecutorial Immunity

Plaintiff's claims against the federal prosecutors fail on the ground of prosecutorial immunity.  Federal prosecutors are immune from suit for money damages for actions taken in the course of their official duties. *See Imbler v. Pachtman,* 424 U.S. 409, 424–28 (1976).  Prosecutorial immunity shields prosecutors from liability in initiating prosecution or presenting the government's case against a criminal defendant. *Tripati v. INS*, 784 F.2d 345, 346-47 (10th Cir. 1986); *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006) (noting that absolute prosecutorial immunity protects federal prosecutors facing *Bivens* actions).  It extends to "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present."  *Imbler*, 424 U.S. at 431 n.33.

The federal prosecutors' actions in Plaintiff's criminal case fall within these categories,

and therefore, entitle them to prosecutorial immunity.  Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

### 2.  Heck Bar and Habeas Nature of Claim

Plaintiff's claims relate to his criminal case and he acknowledges that his religious speech "is central of the question in [his criminal] case."  (Doc. 1, at 16.)  Plaintiff seeks an accommodation to allow him to perform his religious speech and a "reversal of the judgment" or dismissal of his criminal case with prejudice.  In his criminal case, Plaintiff was convicted of threatening an official.  Therefore, the speech he now seeks an accommodation for has already been determined to be a violation of federal law.

To the extent Plaintiff challenges the validity of his sentence in his federal criminal case, his federal claim must be presented in habeas corpus.  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994).  "Though *Heck* dealt with only § 1983 actions, the doctrine has since been expanded . . . [and] now applies to both state and federal officials, meaning it applies both to § 1983 claims and to *Bivens* claims."  *Coleman v. United States Dist. Court of New Mexico*, 678 F. App'x 751, 754 (10th Cir. 2017) (unpublished) (citing *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)).  "And it applies regardless of whether a plaintiff seeks damages or declaratory or injunctive relief."  *Id*. (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005)).

Before a plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily

imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87; *see also Spartz v. TeBrake*, 2020 WL 555410, at n.2 (D. Minn. 2020) (finding that plaintiff's claim that he was detained as a result of his "Neo-Tech" religious beliefs necessarily implies the invalidity of his detention and is therefore precluded by *Heck*); *Love v. North Carolina Dep't of Public Safety*, 2020 WL 6050583, at *2 (W.D. N.C. 2020) (where plaintiff claimed that defendants were interfering with his mail, religious exercise, and free speech by labeling his activities as SRG (Security Risk Group), the court found that to the extent that plaintiff was convicted of the disciplinary offenses for the activities about which he complains, plaintiff's claims are barred by *Heck*).

Plaintiff has not alleged that his conviction or sentence has been invalidated.  In fact, as noted above, Plaintiff's criminal case is currently pending on appeal.  Plaintiff's claims are barred by *Heck*.

## IV.  Conclusion

The Court has screened Plaintiff's Complaint and dismisses this case for failure to state a

claim.[2]  Plaintiff has named defendants that are immune from suit, his claims are barred by *Heck*, and he has otherwise failed to state a valid claim for relief.  The Court finds that an opportunity to amend would be futile.  *See Higgins v. City of Tulsa*, 103 F. App'x 648, 652 (10th Cir. 2004) (affirming a *sua sponte* dismissal when the *Heck* infirmity was "patently obvious" (internal quotation marks omitted)).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief to Accommodate Service of Copies to Defendants (Doc. 4) is **denied as moot**.

**IT IS SO ORDERED**.

**Dated June 12, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Tenth Circuit has held that a dismissal under *Heck* is for failure to state a claim.  *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Miles v. Kansas*, 770 F. App'x 432 (10th Cir. 2019) (unpublished) (dismissing appeal of *Heck* dismissal as frivolous and assessing two strikes, one for the district court's dismissal and one for the Tenth Circuit's dismissal).