IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHASE NEILL,**

    **Plaintiff,**

    v.                                                   **CASE NO. 23-3131-JAR**

**STEPHEN HUNTING, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se in this civil rights case brought under 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed in forma pauperis. At the time of filing Plaintiff was in custody at USP-Leavenworth in Leavenworth, Kansas. Plaintiff has since been transferred to FCI-El Reno in El Reno, Oklahoma. On June 12, 2023, the Court entered a Memorandum and Order and Judgment (Docs. 6, 7) dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Amend Judgment (Doc. 13). Because Plaintiff's motion was filed within 28 days after the entry of the order,[1] the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling

---

[1] Although Plaintiff's motion was not filed with the Court until July 18, 2023, Plaintiff signed the motion on July 9, 2023. (Doc. 13, at 25.)

1

law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012.

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff takes offense to the Court referring to Plaintiff's statements as "beliefs, claims, or allegations," as opposed to referring to them as proven facts. (Doc. 13, at 2.) Plaintiff then proceeds to rehash his prior arguments and to revisit issues that have already been addressed by the Court. Plaintiff continues to claim that the prosecution of his criminal case violated the Religious Freedom Restoration Act, burdened the free exercise of his religion, and permitted the federal government to second-guess the reasonableness of his religious beliefs. *Id*. at 4. Plaintiff asks the Court to "reconsider [its] position of alleging the defendants were or are protected by sovereign immunity."[2] *Id*. at 5. Plaintiff also asks the Court to reconsider its position that the federal judge presiding over his criminal case is entitled to judicial immunity and that the federal

---

[2] Plaintiff also states that he "objects to qualified immunity of the officials" and sets forth arguments regarding qualified immunity. *See* Doc. 13, at 21–24. However, the Court's Memorandum and Order dismissing this case did not address or rely on qualified immunity.

prosecutors are entitled to prosecutorial immunity. *Id*. at 10, 16. Plaintiff then sets forth arguments regarding his federal and state criminal proceedings. *Id*. at 6–7, 12–15.

The Court's Memorandum and Order sets forth the law on sovereign immunity, judicial immunity, and prosecutorial immunity. (Doc. 6, at 5–8.) The Court also found that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court found that Plaintiff failed to allege that his conviction or sentence had been invalidated, and his criminal case was actually pending on appeal at the time of the Court's decision. *Id*. at 9. Nothing in Plaintiff's arguments shows an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff has failed to meet the standard required for this Court to alter or amend its June 12, 2023 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Amend Judgment (Doc. 13) is **denied.**

**IT IS SO ORDERED**.

**Dated July 24, 2023, in Kansas City, Kansas.**

                                            **S/ Julie A. Robinson**
                                            **JULIE A. ROBINSON**
                                            **UNITED STATES DISTRICT JUDGE**