IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHASE NEILL,**

    **Plaintiff,**

    v.                                                      CASE NO. 23-3131-JAR

**STEPHEN HUNTING, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se in this civil rights case brought under 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed in forma pauperis. At the time of filing Plaintiff was in custody at USP-Leavenworth in Leavenworth, Kansas. Plaintiff has since been transferred to FCI-El Reno in El Reno, Oklahoma. On June 12, 2023, the Court entered a Memorandum and Order and Judgment (Docs. 6, 7) dismissing this matter for failure to state a claim. On July 24, 2023, the Court denied Plaintiff's motion to amend judgment under Rule 59. (Doc. 15). This matter is before the Court on Plaintiff's motion (Doc. 16) objecting to the Court's Order at Doc. 14.

On July 19, 2023, the Court entered an Order construing Plaintiff's objection to the filing fee as a request to waive the initial partial filing fee and granted the request based on Plaintiff's inability to pay the initial fee. (Doc. 14, at 1.) The Court also found that:

> Any further requests or allegations in the motion are denied. To the extent Plaintiff seeks to amend his request for injunctive relief, the request is denied. Plaintiff's Complaint and Request for Injunction (Doc. 1) was dismissed for failure to state a claim. The Court found that any opportunity to amend would be futile. (Doc. 6, at 10.)
>
> Plaintiff's motion for emergency injunctive relief is also denied. Plaintiff seeks an injunction to prevent his transfer to another Bureau of Prison's facility. Plaintiff seeks to prevent his transfer until he has finished pursuing litigation and submitting his appellate brief in his appeal of his criminal conviction. This case has been dismissed and

1

> remains closed. To the extent Plaintiff is transferred and needs additional time to submit his appellate brief, he should seek relief in the appellate court. Plaintiff's motion for injunctive relief in this closed case is denied. Nothing in Plaintiff's current motions warrants reconsideration of the dismissal of this case for failure to state a claim.

(Doc. 14, at 1–2.)

Plaintiff's motion objecting to the Court's order is Plaintiff's latest attempt to rehash his arguments regarding his claims in this case and to attack his federal and state criminal cases and competency proceedings. Plaintiff also reasserts his arguments from his July 9, 2023 Rule 59 motion, indicating his concern that the Court may not have received the motion. *See* Doc. 16, at 5.

However, the Court did in fact receive Plaintiff's motion to amend judgment signed by Plaintiff on July 9, 2023. The motion was docketed in this case on July 18, 2023, at Doc. 13. On July 24, 2023, the Court entered a Memorandum and Order (Doc. 15) denying the motion to amend judgment. The Memorandum and Order denying the Rule 59 motion provides that:

> The Court's Memorandum and Order sets forth the law on sovereign immunity, judicial immunity, and prosecutorial immunity. (Doc. 6, at 5–8.) The Court also found that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court found that Plaintiff failed to allege that his conviction or sentence had been invalidated, and his criminal case was actually pending on appeal at the time of the Court's decision. *Id.* at 9. Nothing in Plaintiff's arguments shows an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff has failed to meet the standard required for this Court to alter or amend its June 12, 2023 Order and Judgment, and that ruling stands.

(Doc. 15, at 3.)

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). "This interest in finality becomes even stronger when a district court has previously denied relief under Rule 59(e)." *Id*. (citing *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) ("[T]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purpose of tolling the time for bringing an appeal.")). Plaintiff's current motion is denied for the same reasons set forth in the Court's Memorandum and Order at Doc. 15 denying Plaintiff's prior motion to amend judgment.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion (Doc. 16) objecting to the Court's Order at Doc. 14 is **denied.** That ruling stands and this case remains closed.

**IT IS SO ORDERED**.

Dated August 17, 2023, in Kansas City, Kansas.

S/ Julie A. Robinson
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**
